IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| YSIDRO VALENCIA | § | |
| v. | § | CIVIL ACTION NO. 6:05cv466 |
| GARY JOHNSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Ysidro Valencia, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Valencia complains of a stabbing which took place in the early morning hours of May 18, 2003. He was transferred after the incident to the Stiles Unit, arriving there on June 5, 2003. Valencia signed his lawsuit on November 30, 2005, over two and a half years later.

On March 30, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as frivolous because the statute of limitations had expired. The Magistrate Judge observed that Valencia showed no reason for the extraordinary delay in the filing of the lawsuit and that during this two and a half year period, he has pursued other legal issues in the federal courts, and has shown no reason for his failure to litigate this matter for such a length of time. The Magistrate Judge therefore recommended that the lawsuit be dismissed, but specified that this dismissal should be without prejudice to any claims which Valencia may raise as to his treatment at the Stiles Unit. Valencia filed objections to the Report on April 10, 2006.

In his objections, Valencia says first that the Magistrate Judge erred by applying a standard of subjective rather than objective reasonableness. He appears to be citing habeas corpus law, which is not applicable in this case, and no discussion of reasonableness, whether subjective or objective, appears in the Report. This objection is without merit.

Next, Valencia challenges the Magistrate Judge's Report on the issue of limitations. He concedes that he was aware of his injuries when they occurred and reiterates that he was sent to the Stiles Unit, where he faced additional harassment. However, he fails to set out any reason for the thirty-month delay in filing this claim. This objection is without merit.

Third, Valencia complains that the Magistrate Judge concluded that he had not been denied access to court because he had filed two federal habeas corpus petitions during the two and a half years between his injury and the time of filing of his present lawsuit. He raises vague allegations of a conspiracy to prevent him from litigating, but offers nothing to show that he was prevented from bringing the present claims to court in a timely manner or that the statute of limitations should be otherwise tolled. He adverts to the possibility of equitable tolling, but says only that "his delay is because of Stiles Unit retaliation and harassment." This is not sufficient to show that the limitations period should be equitably tolled. Valencia's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous, in that the statute of limitations has expired. 28 U.S.C. §1915A. The

dismissal of this case shall have no effect upon any other litigation which Valencia has filed, including his lawsuit concerning the conditions of confinement at the Stiles Unit.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 18th day of May, 2006.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE